

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

RICHARD SHORTER,
FARES MANNI,
ANDREW SHORTER,
WILLIE BRADDOCK, JR.,
DEMETRIUS NELMS, and
BRYAN LUCAS

CRIMINAL NO. 3:17CR047
18 U.S.C. § 2
18 U.S.C. § 371
18 U.S.C. § 659

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

**Conspiracy to Steal, Receive and Possess Goods Stolen from Interstate Shipments
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 659))**

### THE SCHEME

A.   Beginning at a time unknown to the Grand Jury, but at least from on or about October 2014 through on or about January 2016, in the Northern District of Mississippi and elsewhere, defendants RICHARD SHORTER, FARES MANNI, ANDREW SHORTER, WILLIE BRADDOCK JR., DEMETRIUS NELMS and BRYAN LUCAS did unlawfully, knowingly and intentionally combine, conspire and agree with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States, namely: to unlawfully, knowingly and intentionally steal, receive and possess goods and chattels, which were part of interstate shipments of freight, stolen from motortruck trailers, which had an

1

aggregate value in excess of $1,000, knowing the goods and chattels were stolen and with the intent to convert these goods and chattels to their own use, in violation of 18 U.S.C. § 659.

## GOAL OF THE CONSPIRACY

B.   RICHARD SHORTER was the leader of a theft ring that included ANDREW SHORTER, WILLIE BRADDOCK JR., DEMETRIUS NELMS, BRYAN LUCAS, among others (the "Shorter Theft Ring"), that conspired to steal goods and chattels from semi-truck trailers traveling in interstate commerce through the Northern District of Mississippi, and elsewhere, with the goal to sell the stolen goods and chattels to FARES MANNI in an effort to obtain as much money as possible.

## MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY

C.   The charged conspiracy was accomplished by the following means, among others, and in the following manner:

1.   As part of the conspiracy, the defendants agreed to participate in a scheme to steal motortruck trailers carrying freight in interstate commerce, without the authorization or permission of the owners and with the objective of selling the stolen cargo for profit.

2.   As part of the conspiracy, the defendants would and did play different roles, take upon themselves different tasks, and participate in conduct of the conspiracy through various criminal acts as required to promote and protect the operations of the conspiracy.

3.   It was further part of the conspiracy that members of the Shorter Theft Ring stole motortruck trailers, primarily from truck stops located in the Northern District of Mississippi, Tennessee, and elsewhere, that contained goods and chattels that were traveling in interstate commerce.

4. It was further part of the conspiracy that once the motortruck trailers were stolen, FARES MANNI instructed members of the Shorter Theft Ring to take the stolen goods and chattels that the motortruck trailers contained to Warehousing Pro, located in Nashville, Tennessee, where the stolen goods and chattels were off loaded and stored.

5. It was further part of the conspiracy that FARES MANNI hired a carrier to pick up the stolen goods and chattels from Warehousing Pro, in Nashville, Tennessee, and deliver the stolen goods and chattels to a business identified as Standard Wholesale, located in Highland Park, Michigan.

6. It was further part of the conspiracy that FARES MANNI paid members of the Shorter Theft Ring for the stolen goods and chattels.

## OVERT ACTS

D. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, *among others*, were committed in the Northern District of Mississippi, and elsewhere:

1. On or about November 16, 2014, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, BRYAN LUCAS, DEMETRIUS NELMS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Armor All products, among other goods, from a motortruck trailer parked near Fulton, Mississippi, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

2. On or about April 11, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, DEMETRIUS NELMS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and

chattels, namely Kingsford Charcoal, among other goods, from a motortruck trailer parked near Oakland, Mississippi, which was part of an interstate shipment of freight.

3. On or about June 5, 2015, in the Northern District of Mississippi, and elsewhere, DEMETRIUS NELMS, BRYAN LUCAS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Wet Ones, Schick and Platex products, among other goods, from a motortruck trailer parked near Hickory Flat, Mississippi, which was part of an interstate shipment of freight.

4. On or about June 14, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., BRYAN LUCAS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Pennzoil Motor Oil, among other goods, from a motortruck trailer parked near Baldwyn, Mississippi, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

5. On or about July 5, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., BRYAN LUCAS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Smuckers and Pillsbury products, among other goods, from a motortruck trailer parked near Oakland, Mississippi, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

6. On or about August 23, 2015, in the Northern District of Mississippi, and elsewhere, WILLIE BRADDOCK JR., ANDREW SHORTER, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Peak Antifreeze, among other goods, from a motortruck trailer parked near Okolona, Mississippi, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

7. On or about October 4, 2015, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Bridgestone Tires, among other goods, from a motortruck trailer parked near Paris, Tennessee, which was part of an interstate shipment of freight.

8. On or about November 7, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER and DEMETRIUS NELMS, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Tito's Vodka, among other goods, from a motortruck trailer parked near Olive Branch, Mississippi, which was part of an interstate shipment of freight.

9. On or about November 7, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely Schick products, among other goods, from a motortruck trailer parked near Senatobia, Mississippi, which was part of an interstate shipment of freight;

5

and thereafter did transfer said goods to FARES MANNI, among others, who knowingly received and possessed the stolen goods in Michigan.

        10. On or about November 8, 2015, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely aluminum products, among other goods, from a motortruck trailer parked near Henderson, Tennessee, which was part of an interstate shipment of freight.

        11. On or about December 19, 2015, RICHARD SHORTER and ANDREW SHORTER, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely chocolate products, among other goods, from a motortruck trailer parked near Franklin, Tennessee, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

        12. On or about January 3, 2016, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did steal goods and chattels, namely aluminum bars, among other goods, from a motortruck trailer parked near Baldwyn, Mississippi, which was part of an interstate shipment of freight; and thereafter did transfer said goods to FARES MANNI, and others, who knowingly received and possessed the stolen goods in Michigan.

13. On or about January 19, 2016, FARES MANNI, and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did knowingly receive and possess stolen goods which were part of interstate shipments of freight.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

### (18 U.S.C. §§ 659 and 2 – Interstate Shipment Theft and Aiding and Abetting)

A. The grand jury hereby realleges and reincorporates the allegations set out in Count 1 of the Indictment.

B. On or about November 7, 2015, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did unlawfully, knowingly and intentionally steal goods and chattels of a value in excess of $1,000, namely Schick products, among other goods, with the intent to convert the goods and chattels to their own use, from a motortruck trailer parked near Senatobia, Mississippi, which constituted part of an interstate shipment of freight, in violation of Title 18, United States Code, §§ 659 and 2.

## COUNT THREE

**(18 U.S.C. §§ 659 and 2 – Interstate Shipment Theft and Aiding and Abetting)**

    A.    The grand jury hereby realleges and reincorporates the allegations set out in Count 1 of the Indictment.

    B.    On or about January 3, 2016, in the Northern District of Mississippi, and elsewhere, RICHARD SHORTER, ANDREW SHORTER, WILLIE BRADDOCK JR., and others persons known and unknown to the grand jury, being aided and abetted, each by the other, did unlawfully, knowingly and intentionally steal goods and chattels of a value in excess of $1,000, namely aluminum bars, among other goods, with the intent to convert the goods and chattels to their own use, from a motortruck trailer parked near Baldwyn, Mississippi, which constituted part of an interstate shipment of freight, in violation of Title 18, United States Code, §§ 659 and 2.

## COUNT FOUR

**Receive and Possess Goods Stolen from Interstate Shipment, Aider and Abetter
(Violation of 18 U.S.C. §§ 659 and 2)**

      A.      The grand jury hereby realleges and reincorporates the allegations set out in Count 1 of the Indictment.

      B.      Beginning at a time unknown to the grand jury, but up to and including January 19, 2016, in Highland Park, Michigan, defendant FARES MANNI, being aided and abetted by persons known and unknown to the grand jury, did unlawfully, knowingly and intentionally receive and possess stolen goods and chattels of a value in excess of $1,000.00, knowing the goods and chattels to be stolen and with the intent to convert the goods and chattels to his own use, that is, he received and possessed goods and chattels which had been stolen from motortruck trailers while the goods and chattels were moving as part of an interstate shipments of freight through the Northern District of Mississippi, and elsewhere, in that

      1.      FARES MANNI knowingly and intentionally received and possessed Armor All products, which had been stolen from a motortruck trailer parked near Fulton, Mississippi, in the Northern District of Mississippi, on or about November 16, 2014, while the goods were moving as part of an interstate shipment of freight;

      2.      FARES MANNI knowingly and intentionally received and possessed Pillsbury Cornbread Mix, which had been stolen from a motortruck trailer parked near Oakland, Mississippi, in the Northern District of Mississippi, on or about July 5, 2015, while the goods were moving as part of an interstate shipment of freight;

3. FARES MANNI knowingly and intentionally received and possessed Peak Antifreeze, which had been stolen from a motortruck trailer parked near Okolona, Mississippi, in the Northern District of Mississippi, on or about August 23, 2015, while the goods were moving as part of an interstate shipment of freight;

4. FARES MANNI knowingly and intentionally received and possessed Schick products, which had been stolen from a motortruck trailer parked near Senatobia, Mississippi, in the Northern District of Mississippi, on or about November 7, 2015, while the goods were moving as part of an interstate shipment of freight;

5. FARES MANNI knowingly and intentionally received and possessed aluminum bars, which had been stolen from a motortruck trailer parked near Baldwyn, Mississippi, in the Northern District of Mississippi, on or about January 3, 2016, while the goods were moving as part of an interstate shipment of freight.

In violation of 18 U.S.C. §§ 659 and 2.

## FORFEITURE NOTICE

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 659 and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants, RICHARD SHORTER, FARES MANNI, ANDREW SHORTER, WILLIE BRADDOCK JR., DEMETRIUS NELMS and BRYAN LUCAS shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from,

proceeds obtained, directly or indirectly, as a result of the violations alleged, and, pursuant to 18 U.S.C. § 545 and 28 U.S.C. § 2461(c).

If any of the property described above, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The United States further provides notice that it retains the right to seek forfeiture from each defendant in the form of a personal money judgment equal to the value of proceeds obtained as a result of the violations alleged.

All pursuant to 18 U.S.C. §§ 659 and 981(a)(1)(6) and 28 U.S.C. § 2461(c).

_____
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

*/s/redacted signature*_____
FOREPERSON